UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY MILLER,
Bankruptcy Trustee for Joseph Soto,

        Plaintiff,

vs.
        Case No. 07-CV-11035
        HON. GEORGE CARAM STEEH

AIRBORNE EXPRESS, INC.,
DHL WORLDWIDE EXPRESS, INC., and
ABX AIR, INC.

        Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#20)

Defendants Airborne Express, Inc. ("Airborne") and DHL Worldwide Express, Inc., ("DHL") move for summary judgment on the Bankruptcy Estate of Joseph Soto's claims of negligence and nuisance. A hearing was held on June, 30, 2008. For the following reasons set forth below, Airborne and DHL's motion for summary judgment will be DENIED.

### I. Background

Timothy Miller, Trustee for the Bankruptcy Estate of Joseph Soto, filed a complaint on March 9, 2007 alleging negligence and nuisance negligence against defendants Airborne, a Delaware Corporation that is believed to have its principal place of business in Wilmington, Ohio, and DHL, a Delaware Corporation, doing business in Wilmington, Ohio. Plaintiff filed an amended complaint on April 15, 2008, adding defendant ABX Air, Inc., ("ABX") a Delaware Corporation, doing business in Wilmington, Ohio. Plaintiff alleges that

on or about June 2, 2005, during the course of Soto's employment inspecting airplanes for the FAA, he was assigned to inspect airplanes owned and/or operated by one of the defendant entities. During the inspection process, plaintiff alleges that while in Hangar 1005, owned and/or operated by one of the defendant entities, Soto tripped and fell over a metal rod which was protruding into the walkway from one of the defendants' containers within the airplane hangar. Defendants Airborne and DHL now move for summary judgment.

Defendants Airborne and DHL argue that they owed plaintiff no duty of care at the time of the subject incident, and therefore summary judgment should be granted because there are no genuine issues of material fact. Defendants, relying on Michigan law, argue this is an issue of premises liability, which is conditioned upon one's exclusive possession and control over the property. Defendants DHL and Airborne further argue that because Hangar 1005 was sublet to defendant ABX, that ABX, rather than Airborne and DHL, operated, occupied, possessed, and controlled the subject premises and therefore neither Airborne nor Worldwide owed plaintiff a duty of care.

Plaintiff argues that discovery is incomplete, and that there has been no discovery in regard to the new defendant, ABX. Plaintiff further argues that the relationship between DHL and Airborne, the alleged owner and sublessor of the hangar, respectively, remains unclear. Additionally, plaintiff argues, relying on <u>Quinlivan v. The Great Atlantic & Pacific Tea Co.</u>, 395 Mich. 244; 235 N.W.2d 232 (1975), that the sublease form between defendants Airborne and ABX indicates that Airborne retained sufficient control over the premises for purposes of liability. Plaintiff concludes by arguing that without further discovery, pursuant to Federal Rule of Civil Rule 56(f), defendants DHL and Airborne

cannot be absolved of liability as a matter of law.

In reply, defendants Airborne and Worldwide argue that Quinlivan is factually inapposite to the present case because it involved a common area which was to be maintained by the lessor. Defendants argue in the case at bar, the sublease clearly provides that the sublessee ABX, not the sublessor Airborne or owner DHL, had possession and control of the subject premises. Lastly, defendants argue that plaintiff has failed to demonstrate how additional discovery would enable him to rebut DHL and Airborne's showing of an absence of a genuine issue of fact.

## **II. Standard of Review**

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing

3

party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

### III. Analysis

In the motion for summary judgment, defendants Airborne and DHL argue, relying exclusively on Michigan law, that they owe no duty to the plaintiff and therefore can be precluded from liability as a matter of law. As set forth below, the court agrees with plaintiff that further discovery is needed to properly evaluate the issue of duty and that summary judgment is therefore premature. Additionally, before there can be a decision on the merits, the parties must conduct a conflict-of-law analysis.

1. Rule 56(f)

Federal Rule of Civil Procedure 56(e) states in pertinent part:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper, or part of a paper is referred to in an affidavit, a sworn of or certified copy must be attached or served with the affidavit.

However, Federal Rule of Civil Procedure 56(f), allows an exception to Rule 56(e), and provides in pertinent part:

> <u>If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition</u>, the court may:

4

**(1)** deny the motion;

**(2)** order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken, or

**(3)** issue any other just order.

(emphasis added).

In the present case, plaintiff has submitted an affidavit, pursuant to Rule 56(f), in opposition to defendants' summary judgment motion. Plaintiff states: (1) it was not until March 2008 that defendants Airborne and DHL claimed another entity, ABX, possessed the subject premises, (2) plaintiff is informed that various contractual relationships between ABX and Airborne may exist that could affect the determination of liability, (3) it remains to be determined what the relationship between DHL and Airborne is, (4) plaintiff believes that agreements exist between DHL and ABX affecting this issue, and (5) plaintiff must depose employees of each company in order to discover the degree of control each exercise over the premises. Plaintiff's affidavit affirmatively demonstrates why he cannot present facts essential to support the opposition to summary judgment. Due to the recent addition of defendant entity ABX, plaintiff should be permitted discovery in order to assess which party or parties owe the plaintiff a duty of care. It is necessary for plaintiff to determine the defendant entities' contractual obligations to one another, and to depose any relevant witnesses. The court finds that, until time has been allowed for further discovery, defendants' motion is premature.

## 2. Choice-of-Law

In a diversity action, a federal court applies the choice-of-law rules of the forum state. Klaxon Co. v. Senator Elec. Mfg. Co., 313 U.S. 487, 496 (1941). In Michigan, courts will

apply the law of the forum unless a "rational reason" to do otherwise exists. Sutherland v. Kennington Truck Serv., Ltd., 454 Mich. 274, 286; 562 N.W.2d 466 (1997). To determine if there is a rational reason to displace Michigan law the court undertakes a two-step analysis; (1) it must determine if any foreign state has an interest in having its law applied, if no state has such an interest the presumption that Michigan law applies cannot be overcome; and (2) if a foreign state does have an interest in having its law applied, the court must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests. Id. (citing Olmstead v. Anderson, 428 Mich. 1, 24, 29-30; 400 N.W.2d 292 (1987)). While this approach generally favors the law of the forum, Michigan courts will apply the law of another state where that state has a significant interest and Michigan has only a minimal interest in the matter. Hall v. General Motors Corp., 229 Mich. App. 580, 585; 582 N.W.2d 866 (1998). However, when the law of the forum is nearly identical with the law of the site of the tort, the court will apply the law of the forum. See LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV),L.P., No. 06-14312, 2008 WL 1923261 at *11 (E.D. Mich); see also Williams v. Toys "R" Us, 138 Fed. Appx. 798, 803 (6th Cir. 2005) (reasoning "[b]ecause there is no conflict of laws (indeed this is a false conflict situation), we therefore conclude that the district court did not err in applying Michigan state law in this case").

In the present case the plaintiff, the Trustee in Bankruptcy for the Estate for the Bankruptcy Estate of Joseph Soto, is a Michigan resident. The three defendants allegedly do business in Ohio. Importantly, the alleged site of the tort is in Ohio. Under Hall, it is possible that Ohio has a significant interest in having its law applied in the matter. Defendants Airborne and DHL cannot rely on Michigan law without first conducting a choice-of-law analysis. Until it is determined whether Michigan or Ohio law controls, there cannot

be an adjudication on the substantive issues of this case.

## IV. Conclusion

For the reasons given above, defendants' motion for summary judgment is hereby DENIED without prejudice.

SO ORDERED.

Dated: July 17, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 17, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk