UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TIMOTHY MILLER,
Bankruptcy Trustee for Joseph Soto,

       Plaintiff,

                                    Case No. 07-CV-11035
vs.                                HON. GEORGE CARAM STEEH


AIRBORNE EXPRESS, INC.,
DHL WORLDWIDE EXPRESS, INC., and
ABX AIR, INC.,

       Defendants.

_____/

ORDER DENYING DEFENDANTS' MOTION TO ENFORCE
SETTLEMENT AGREEMENT (#34)

Defendants Airborne Express, Inc., DHL Worldwide Express, Inc., and ABX Air, Inc. move to enforce a written October 1, 2008 settlement agreement. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Plaintiff Timothy Miller, Trustee of the Bankruptcy Estate of Joseph Soto, filed a First Amended Complaint on April 15, 2008 alleging Soto was assigned by the Federal Aviation Administration on June 2, 2005, to inspect the defendants' airplanes in Wilmington, Ohio. Miller alleges Soto was walking through a hanger owned or operated by one or more of the defendants when Soto fell over a metal rod protruding from one of the defendants' containers, causing Soto to suffer personal injuries. Count I alleges negligence. Count II alleges nuisance. On July 17, 2008, this court denied Airborne's and DHL's motion for

summary judgment as premature, noting the need for further discovery and a more developed choice-of-law analysis.  July 17, 2008 Order, at 4, 6-7.

Defendants filed the instant motion to enforce settlement on February 11, 2009, proffering evidence that Trustee Miller executed a "FULL RELEASE AND SETTLEMENT AGREEMENT" on October 1, 2008, for the amount of $112,500.00.  Defendants proffer evidence that Trustee Miller filed an application in bankruptcy court on October 29, 2008 seeking approval of the settlement, and that debtor Soto's bankruptcy attorney filed objection to the application, asking the bankruptcy court to allow Soto to purchase the claims now pending before this court from the Bankruptcy Estate.  Defendants proffer additional evidence that Trustee Miller and Soto's counsel filed a stipulation with the bankruptcy court on January 6, 2009, seeking approval of a sale of the Estate's claims to Soto.  Defendants move for an order from this court requiring Trustee Miller to take the necessary steps to obtain the bankruptcy court's approval of the October 1, 2008 Settlement Agreement, and to oppose a sale of the Estate's claims to Soto.

Defendants' motion is without merit.  Soto's personal injury claims are currently the property of Soto's Bankruptcy Estate.  In re Stinson, 221 B.R. 726, 729 (Bankr. E.D. Mich. 1998).  The automatic stay provision of 11 U.S.C. § 362(a)(3) is applicable to all entities over "any act . . . to exercise control over property of the estate," including the settlement of a personal injury claim.  Id. at 730.

> Here, a fine distinction must be made.  The debtor's personal injury action itself is not stayed, because § 362(a)(1) stays only judicial actions *against* a debtor.  What *is* stayed . . . under § 362(a)(3) is the debtor's [or any other entity's] exercise of control over the estate property.

Id. at 730-731 (internal citations omitted; emphasis in original).  Pursuant to the trustee's exclusive authority to prosecute and settle a debtor's cause of action, the trustee is

2

authorized under Bankruptcy Rule 9019(a) to move in bankruptcy court for judicial approval of a settlement.  Id. at 731-732.  On such motion, *the bankruptcy judge* must decide whether to approve or deny the settlement.  Id. at 732 (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 423 (1968)).  The judicial authority to enforce the October 1, 2008 Settlement Agreement currently lies with the bankruptcy court.  Defendants' argument that Trustee Miller may not now repudiate the settlement after moving for its approval on October 29, 2008 is an argument properly advanced in the bankruptcy court.  See In re Seminole Walls & Ceilings Corp., 388 B.R. 386, 392-393 (M.D. Fla. 2008) (district court reversing on appeal bankruptcy court's ruling that parties to a settlement may rescind the agreement after the trustee has sought approval of the settlement under Bankruptcy Rule 9019(a)).  Sitting as a district court exercising original diversity jurisdiction over the Trustee's claims under 28 U.S.C. § 1332, as opposed to appellate jurisdiction, this court expresses no opinion on this issue of law.

For the reasons set forth above, defendants' motion to enforce settlement agreement is hereby DENIED.

SO ORDERED.

Dated:  February 19, 2009

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 19, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk