UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SOTO,

        Plaintiff,

vs.

        Case No. 07-CV-11035
        HON. GEORGE CARAM STEEH

AIRBORNE EXPRESS, INC.,
DHL WORLDWIDE EXPRESS, INC., and
ABX AIR, INC.,

        Defendants.

_____/

## ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR CLARIFICATION (# 47) AND GRANTING ATTORNEY CARTER'S REQUEST TO WITHDRAW AS PLAINTIFF'S COUNSEL

Plaintiff Joseph Soto, appearing pro se, moves for an order clarifying his former counsel Attorney Stefani Carter's claim to a $37,125.00 lien on his recovery in this matter. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Soto's motion to reopen this case was granted on September 9, 2009 on Soto's proffering of an April 9, 2009 Bankruptcy Court Order granting former Bankruptcy Trustee Timothy Miller the right to assign this lawsuit to Soto for $15,000.00 subject to certain liens, and a written assignment of the claims from Soto's Bankruptcy Estate to Soto. The court issued a September 15, 2009 Scheduling Order setting discovery cut-off at March 15, 2010, a dispositive motion cut-off date of April 15, 2010, and a trial date of August 17, 2010.

In moving for clarification, Soto argues that Attorney Carter is not entitled to a lien for work she performed on this case before he filed bankruptcy because there was no settlement in the Bankruptcy Court. Soto asserts in the alternative that he does not object

to Attorney Carter being paid for the time and expense she put into his file, but objects to a $37,125.00 lien, which he argues is based on a 1/3 contingency fee set forth in a proposed $112,500.00 settlement, a settlement which was never reached. Soto argues that the existence of a possible $37,125.00 lien has caused attorneys to decline representing him in this matter. Soto therefore seeks a ruling from the court as to the exact amount of Attorney Carter's lien, an order permitting Attorney Carter to withdraw as his counsel, and additional time to secure new counsel. In response, Attorney Carter seeks entry of an order permitting her to withdraw as Soto's counsel, and either a hearing to determine the amount of her lien or recognition of a lien in an amount to be determined on entry of judgment.

Money judgments are enforced by writs of execution, unless the court directs otherwise. Fed. R. Civ. P. 69(a)(1). Procedures on execution of judgment, and proceedings supplementary to and in aid of judgment or execution, must accord with the procedure of the state where the district court is located unless otherwise governed by a federal statute. Id. A federal court sitting in diversity will apply state substantive law pursuant to the choice of law provisions of the state in which the federal court is located. Equitable Life Assurance Society of the United States v. Poe, 143 F.3rd 1013, 1016 (1998). Michigan choice of law rules require a court to balance the expectations of the parties to a contract with the interests of the state involved in determining which state law to apply. Id.

The contract at issue is the contract between Soto and Attorney Carter for legal services provided in Michigan. Soto is a Michigan resident, and Attorney Carter is an attorney licensed to practice in Michigan. Pursuant to Rule 69(a)(1), and considering Soto's and Attorney Carter's reasonable expectations, Michigan law is controlling with respect to Carter's claim of lien. Fed. R. Civ. P. 69(a)(1); Equitable Life, 143 F.3rd at 1016.

Michigan law creates a "charging lien" of an attorney upon a judgment or fund resulting from the attorney's services. George v. Sandor M. Gelman, P.C., 201 Mich. App. 474, 476; 506 N.W.2d 583 (1993); Aetna Casualty & Surety Co. v. Starkey, 116 Mich. App. 640, 644, 323 N.W.2d 325 (1982).  The lien "is an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit." George, 201 Mich. App. at 476.  Where, as here, there was a contingency agreement and the attorney was discharged before completion of 100% of the services, the contingency fee no longer operates to determine the amount of the fee underlying the lien.  Morris v. City of Detroit, 189 Mich. App. 271, 278, 472 N.W.2d 43 (1991).  Instead, the attorney is "entitled to compensation for the reasonable value of his services on the basis of quantum meruit, provided that his discharge was wrongful or his withdrawal was with cause."  Id.  There is no precise formula for assessing a "reasonable" fee.  Id.  Instead, a court should examine such factors as: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; (6) the nature and length of the professional relationship with the client; and (7) the degree of risk undertaken by the attorney as evidenced by a contingent fee agreement.  Id. at 278-279.

Attorney Carter is entitled to an equitable lien representing the reasonable value of the professional services she provided to Soto, secured by any judgment or recovery obtained by Soto in this lawsuit. George, 201 Mich. App. at 476; Aetna Casualty, 116 Mich. App. at 644.  The amount of the lien is not controlled by any 1/3 contingency agreement, although the existence of a contingency agreement may be considered by the court in assessing the amount of Attorney Carter's reasonable fees and resulting lien.  Morris, 189 Mich. App. at 278.  The parties' request for a determination of the amount of Attorney Carter's lien is premature.  Prior to entry of judgment, if any, the court cannot legitimately

3

compare the skill, time, and labor invested by Attorney Carter with the ultimate result achieved or the difficulty of this case. Id. Soto's asserted inability to find a lawyer who will represent him in this matter, subject to Attorney Carter's lien, does not change the premature nature of the motion. Based on the parties' mutual agreement that Attorney Carter should be permitted to withdraw, Attorney Carter has demonstrated cause for withdrawing as Soto's counsel in this matter. Id. Soto's request for additional time to secure new counsel is not, at this time, well taken.

Plaintiff Soto's motion for clarification is hereby GRANTED, IN PART, to the extent that Attorney Carter is entitled to an equitable charging lien against any judgment or recovery achieved by Soto in this lawsuit. Soto's motion is hereby DENIED, IN PART, as premature, to the extent Soto seeks a determination of the exact amount of the lien. Attorney Carter's motion to withdraw from this case as Soto's counsel is hereby GRANTED. Soto's request for additional time to secure new counsel is hereby DENIED, without prejudice.

SO ORDERED.

Dated: October 16, 2009

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 16, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---

4