# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH SOTO,

                Plaintiff,                Case Number: 07-11035

v.                                          GEORGE CARAM STEEH
                                             UNITED STATES DISTRICT COURT

ABX AIR, INC.,

                                             VIRGINIA M. MORGAN
                Defendant.             UNITED STATES MAGISTRATE JUDGE

_____ /

## ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Before the court is Defendant ABX AIR, Inc.'s ("ABX") motion for a qualified protective order. (Doc. No. 76). The motion has been briefed, and the court heard oral argument on July 27, 2010. For the reasons discussed below, the court **DENIES** ABX's motion for a protective order and its request to conduct ex parte interviews with Plaintiff's treating physicians.

Plaintiff, an Aviation Safety Inspector with the Federal Aviation Administration, alleges that he suffered physical injuries at ABX's Wilmington, Ohio facility as a result of ABX's negligence.

ABX now seeks a qualified protective order to conduct ex parte interviews with Plaintiff's treating physicians. (Doc. No. 76, Def.'s Mot. 1). ABX argues that, under Michigan law, a defendant in a personal injury lawsuit may conduct ex parte interviews of plaintiff's physicians if a qualified protective order, consistent with 45 CFR 164.512(e)(1), is in place. *Id.* at 2. This HIPPA regulation requires the protective order to prohibit the parties from using and disclosing the protected health information for any purpose other than litigation and requires that the protected health information be returned or destroyed at the conclusion of the litigation. *Id.*; 45 CFR

1

164.512(e)(1)(v).

In his brief, Plaintiff does not oppose the entry of the qualified protective order, but does seek to limit the scope of the ex parte interviews to be conducted by ABX; at oral argument, Plaintiff wavered on this position and, at one point, sought the denial of the protective order altogether. (Doc. No. 84, Pl.'s Resp. 2). Plaintiff argues that ABX can only question Plaintiff's physicians about treatment he received on or after June 2, 2005, the date of the alleged incident. *Id.* Plaintiff also seeks to preclude Defendant from discussing any mental or physical conditions that are not the subject of this lawsuit with Plaintiff's treating physicians. *Id.* at 3.

ABX acknowledges, in its reply brief, that it is limited to discussing injuries to Plaintiff's knees, right shoulder, and mental health. (Doc. No. 85, Def.'s Reply 1). ABX argues, however, that it is entitled to question Plaintiff's treating physicians about preexisting conditions in or injuries to his knees, right shoulder, and mental health because the evidence is admissible on the issues of causation and damages. *Id.* at 2.

In addition to the issue of whether the protective order should be granted, Plaintiff raised a choice of law issue at oral argument, arguing that Ohio law should apply to ABX's request for a protective order because now-dismissed Defendants Airborne Express, Inc. and DHL Worldwide Express, Inc. argued in a motion for summary judgment that Ohio law should apply to this case. (Doc. No. 53).

The motion for summary judgment was scheduled to be heard on April 7, 2010, by Judge Steeh. (Doc. No. 72). However, it appears from the docket that oral argument was not held and Judge Steeh, instead, held a status conference. Both parties represented to this court that during the scheduling conference Judge Steeh indicated that he was inclined to apply Ohio law to this dispute.

2

However, Judge Steeh did not issue an order deciding the motion for summary judgment, which raised the conflict-of-laws issue. Airborne Express, Inc. and DHL Worldwide Express, Inc. were subsequently dismissed from the lawsuit by stipulation of the parties. (Doc. No. 73). At this point, therefore, no decision has been issued on the conflict-of-laws argument presented in the motion for summary judgment. This court also notes that ABX did not join the motion for summary judgment.

Judge Steeh's indication as understood and reported by the parties that he was inclined to apply Ohio law to this dispute is not binding. The court speaks through its orders and, because no order was issued by Judge Steeh, this issue remains unresolved. This court also notes that ABX has never formally raised this issue, as it was not a party to the summary judgment motion.

That being said, this court also declines to decide the choice-of-law issue for the following reasons. First, this issue was not briefed by the parties. Second, Plaintiff's attempt to raise this issue at oral argument, without briefing the issue, puts both the parties and the court at a disadvantage in deciding this issue. Third, it is immaterial which state's law applies, as neither state has explicitly allowed ex parte interviews in circumstances such as those presented in this case.

The Ohio courts have not spoken on this issue. *See*, *e.g.*, *Smalley v. Linz,* 2008 WL 2941724 *3 (Ohio App. 8 Dist. July 31, 2008) ("This decision neither addresses nor sanctions treating physicians to engage in ex parte consultation with defendants, or to serve as experts paid by defendants to testify against their patients, in a patient's personal injury action.").

Under Michigan law that the filing of a personal injury action generally waives the statutory physician-patient privilege regarding any injury at issue in the case. Mich. Comp. Laws § 600.2157. This enables the defendant to request and receive medical records from the plaintiff's treating physicians and subpoena the treating physicians to testify. In addition, Michigan law provides for

"ex parte" communications with treating physicians in medical malpractice lawsuits. Mich. Comp. Laws § 600.2912f provides that a defendant in a medical malpractice action or the defendant's attorney or representative "may communicate" with persons or entities with respect to whom the plaintiff has waived the physician-patient privilege "in order to obtain all information relevant to the subject matter of the claim or action and to prepare the person's or entity's defense to the claim or action." Mich. Comp. Laws § 600.2912f(2). The Michigan courts, however, have not expanded the reach of § 600.2912f beyond medical malpractice actions. Ex parte communications, therefore, have not been authorized by Michigan law in personal injury cases not involving medical malpractice.

ABX also relies on the Health Insurance Portability and Accountability Act in support of its request for a qualified protective order allowing it to conduct ex parte interviews. Under the Health Insurance Portability and Accountability Act (HIPAA), a covered entity may not use or disclose protected health information without a written authorization from the individual as described in 45 C.F.R. 164.508, or, alternatively, the opportunity for the individual to agree or object as described in 45 C.F.R. 164.510. 45 C.F.R. 164.512, however, enumerates several exceptions. For example, protected health information may be disclosed, "for judicial and administrative proceedings," in response to "an order of a court or administrative tribunal," or "[i]n response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

> (A) [t]he covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

4

(B) [t]he covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

45 C.F.R. 164.512(e)(1)(i) and (ii).

This HIPAA regulation does not expressly provide for ex parte interviews with Plaintiff's treating physicians, nor is this court inclined to grant ABX such access. Ex parte interviews are not sanctioned by the discovery rules contained in the Federal Rules of Civil Procedure, nor are such interviews typically part of the informal discovery process. Furthermore, the court is not persuaded that ABX needs ex parte interviews to complete discovery. ABX is in possession of Plaintiff's medical record and, using the medical records, ABX can determine which treating physicians it would like to depose. Ex parte interviews, which are not sanctioned by Ohio, Michigan, or federal law, are not necessary in this case.

For the reasons discussed above, ABX's motion for a qualified protective order is **DENIED.**

SO ORDERED.

s/Virginia M. Morgan
United States Magistrate Judge

Date: August 19, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 19, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager in place
of Jane Johnson