UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SOTO,

        Plaintiff,

vs.

                                Case No. 07-11035

                                HON. GEORGE CARAM STEEH

ABX AIR, INC.,

        Defendant.
_____/

ORDER GRANTING DEFENDANT ABX'S OBJECTION TO
MAGISTRATE JUDGE'S ORDER AND GRANTING DEFENDANT'S
MOTION FOR A QUALIFIED PROTECTIVE ORDER [DOC # 93]

Plaintiff Joseph Soto was employed as an Aviation Safety Inspector with the Federal Aviation Administration, assigned to inspect aircraft owned or operated by defendant ABX in Wilmington, Ohio. While on ABX's premises, plaintiff tripped and fell over a metal rod causing injuries. Plaintiff has received treatment from approximately 100 physicians and other medical personnel as a result of the subject accident.

ABX wants to conduct ex parte interviews with several treating physicians to determine which depositions are necessary to support ABX's defense. On June 11, 2010, ABX requested that plaintiff execute written authorizations to permit ABX to conduct ex parte interviews with treating physicians. Having received no authorization from plaintiff, on July 1, 2010 ABX filed a motion for qualified protective order seeking authorization to conduct ex parte interviews with treating physicians. In his response to the motion, plaintiff conceded that Michigan law permits ex parte interviews of treating physicians, but sought to limit the scope of the interview to only injuries related to the

1

subject incident.  Specifically, plaintiff stated "Defendant should not be able to orally discuss the Plaintiff's mental and physical conditions prior to June 2, 2005, which is the date of this trip and fall accident, with Plaintiff's treating physicians.  Also, Defendant should not be able to orally discuss any mental or physical conditions that are not [at] issue in this lawsuit."

On July 7, 2010, plaintiff's counsel voluntarily provided executed HIPAA releases authorizing ex parte interviews of Drs. Berland, Carpenter, Goldstein, Halpern, Sarvananda, Trask, Tripathi, Wryobeck and Louis.  The releases specifically state that the information to be disclosed is not limited.  They are attached to ABX's Objections.  Morgan heard ABX's motion for qualified protective order on July 27, 2010, and on August 19, 2010 Morgan denied the motion, ruling that Michigan law does not permit ex parte interviews with treating physicians in personal injury cases.

In Michigan, it was well established before the enactment of HIPAA that the filing of a lawsuit for personal injury or malpractice generally waived the statutory physician-patient privilege with respect to any injury, disease, or condition at issue in the lawsuit, MCL 600.2157, and that a defendant was permitted to meet ex parte with the injured party's treating physician as part of discovery.  Holman v. Rasak, 281 Mich. App. 507, 509 (2008)(citation omitted).  Under HIPAA, the filing of a lawsuit does not waive the confidentiality of health information, unless the patient gives written consent or enters into an agreement, 45 CFR 164.508 and 164.510, or counsel may obtain a court order.

HIPAA supersedes Michigan law to the extent its protections are more stringent than those provided by state law.  Id. at 511-12.  If written consent for the disclosure of confidential health information is not provided, a treating physician may only disclose

2

such information under the conditions set out in the HIPAA regulations. HIPAA regulations place two specific requirements on qualified protective orders, namely the orders must: (a) prohibit the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and (b) requires the return to the covered entity or destruction of the protected health information (including copies) at the end of the litigation. 45 CFR 164.512(e)(1)(v). The Michigan Court of Appeals has made clear that defendants may conduct ex parte oral interviews with plaintiffs' physicians if a qualified protective order consistent with 45 CFR 164.512(e)(1) is first put in place. Palazzolo v. Mann, 2009 U.S. Dist. LEXIS 22348 (E.D. Mich. Mar. 19, 2009) (citing Holman, 281 Mich. App. at 512-13). Palazzolo, a tort case for damages resulting from injuries sustained in a motor vehicle accident, agreed with Holman in holding that defendants may conduct ex parte interviews with plaintiff's treating physicians consistent with HIPAA as long as there is a protective order in place consistent with 45 CFR 164.512(e).

The magistrate judge acknowledged agreement among the parties that the treating physicians may be questioned regarding injuries to plaintiff's knees, right shoulder, and mental health. An area of disagreement is whether ABX can question plaintiff's treating physicians about preexisting conditions in or injuries to his knees, right shoulder and mental health which ABX argues go to the issues of causation and damages. As these are issues relevant to plaintiff's lawsuit, they are proper subjects for discovery. The second issue addressed by the magistrate judge is whether Ohio law should apply to ABX's request for a protective order. Now-dismissed defendants

Airborne Express and DHL Worldwide Express had argued in a motion for summary judgment that Ohio law should apply to this case. The motion was never resolved because those defendants were voluntarily dismissed from the case by stipulation, and ABX did not join in that motion.

The magistrate judge does not resolve the choice of law issue. She notes that it was not formally briefed and was only raised by plaintiff at oral argument. Ohio has not decided the issue and Michigan has permitted ex parte communications with medical personnel if plaintiff waives the physician-patient privilege in medical malpractice actions. MCL 600.2912f(2). This is a personal injury action not involving medical malpractice. In denying ABX's request for a qualified protective order under HIPAA, the magistrate judge held:

> This HIPAA regulation does not expressly provide for ex parte interviews with Plaintiff's treating physicians, nor is this court inclined to grant ABX such access. Ex parte interviews are not sanctioned by the discovery rules contained in the Federal Rules of Civil Procedure, nor are such interviews typically part of the informal discovery process. Furthermore, the court is not persuaded that ABX needs ex parte interviews to complete discovery. ABX is in possession of Plaintiff's medical records and, using the medical records, ABX can determine which treating physicians it would like to depose. . . .

A district court shall consider objections to a magistrate judge's non-dispositive orders, and shall modify or set aside any portion of the orders found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made. Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D. Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756 (6th Cir.2000)). The scope of discovery lies in the broad discretion of

4

the district court.  Lewis v. ACB Business Services, Inc., 135 F.3d 389, 402 (6th Cir. 1998).  An abuse of discretion exists if a decision is based on an erroneous conclusion of law, the findings are clearly erroneous, or the decision is clearly unreasonable or arbitrary.  Youn v. Track, Inc., 324 F.3d 409, 420 (6th Cir. 2003).

There is no "conflict" of law in regard to the issue before the court - Michigan has decided the issue and Ohio has not.  Also, Michigan courts apply the law of the forum unless a "rational reason" to do otherwise exists.  Sutherland v. Kennington Truck Srv. Ltd., 454 Mich. 274, 286 (1996).

Here, the plaintiff signed authorizations for treating physicians, but then objected to the scope of the discovery.  Plaintiff put his medical condition at issue by bringing the lawsuit, the discovery sought is likely to lead to relevant evidence on the issues in the case, it is "routine practice . . . to talk with each witness before trial to learn what the witness knows about the case and what testimony the witness is likely to give," and "[t]here is no justification for requiring costly depositions . . . without knowing in advance that the testimony will be useful."  Domako v. Rowe, 438 Mich. 347, 360 (1991).

This court finds that the magistrate judge's opinion is clearly erroneous and shall be set aside.  ABX's motion for a qualified protective order is GRANTED.

Dated:  November 3, 2010

                                                                S/George Caram Steeh
                                                                GEORGE CARAM STEEH
                                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 3, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk